### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRADLY BEEHN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16−cv–1282−SMY** |
| | ) | |
| **JOHN DOES (DOCTORS 1-50),** | ) | |
| **JANE DOES (NURSES 1-25),** | ) | |
| **JANE DOE 26,** | ) | |
| **ROGERICK MATTICKS,** | ) | |
| **HEALTH CARE PROVIDER,** | ) | |
| **JOHN DOE 51,** | ) | |
| **JANE DOE 27, and** | ) | |
| **DUNNING** | ) | |
| | ) | |
| **Defendants.** | | |

### MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Bradley Beehn, an inmate in Robinson Correctional Center, brings this action for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at

Shawnee Correctional Center.  Plaintiff seeks monetary damages. This case is now before the

Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless.  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.   At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A. This action is subject to dismissal.

## The Complaint

Plaintiff began experiencing pain and discomfort in his stomach in April 2016.  (Doc. 1, p. 6).  On April 7, 2016, while in the recreational yard at Shawnee Correctional Center, Plaintiff had to use the bathroom because he was suffering from severe pain and diarrhea. *Id.*  He asked the correctional officer on duty to unlock the bathroom on the yard, but the officer refused. *Id.* Plaintiff decided to defecate in the corner of the yard, for which he was given a ticket. *Id.*

Plaintiff wrote grievances regarding his health issue in May and June 2016. *Id.*  At Shawnee, inmates are frequently confined to their cells for 22 hours a day. *Id.*  On more than one occasion, health care unit staff asked Plaintiff to defecate in a bucket and keep it in his cell to be collected later. *Id.* Plaintiff also had to walk the sample to the health care unit himself, which he did almost daily from July 11, 2016 until July 28, 2016. (Doc. 1, p. 6-7).  On more than one

occasion, Plaintiff went through this process only to be told that the supplies to conduct the tests on his feces had not come in.  (Doc. 1, p. 6).

Plaintiff was given bismatrol tablets, a generic form of Pepto Bismol for his issue.  (Doc. 1, p. 7).  He was sent for a colonoscopy in September 2016, which showed that he had irritable bowel and colon syndrome.  *Id.*  Plaintiff requested testing for Chron's disease but was denied. *Id.*

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –**  A guard was deliberately indifferent to Plaintiff's serious medical need when he refused to let Plaintiff use the bathroom on the recreational yard;

> **Count 2 –**  Medical staff was deliberately indifferent to Plaintiff's serious medical needs when they refused to send him out for further testing and instead instructed him to keep feces in his cell and walk the feces to the health care unit

Plaintiff's Complaint must be dismissed without prejudice at this time because he has not associated any defendants with his allegations.  Though Plaintiff names approximately 81 defendants in the caption of his Complaint, he fails to list them elsewhere in his Complaint.  As a result, the Court is unable to ascertain what claims, if any, Plaintiff has against these defendants.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.

Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Plaintiff has not alleged that any of the defendants is "personally responsible for the deprivation of a constitutional right," *id.*, and a defendant cannot be liable merely because he supervised a person who caused a constitutional violation.  Plaintiff has listed several defendants, but he has not named any of them in the body of his Complaint, either by name or by "John Doe" designation or title.  This is insufficient to either put the defendants on notice of the claims against them or to adequately plead personal involvement.  Accordingly, Plaintiff's claims will be dismissed without prejudice.  Plaintiff may file an Amended Complaint associating specific claims with specific defendants.

As a final note, most of the listed defendants fall into one of two groupings of unknown "John/Jane Doe" defendants.  While a plaintiff may use the "John Doe" designation to refer to specific individuals whose names are unknown, a plaintiff will run afoul of the pleading standards in *Iqbal* and *Twombly* by merely asserting that groups of medical providers violated his constitutional rights.  Plaintiff must make plausible allegations against individuals.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that a complaint must describe "more than a sheer

possibility that a defendant has acted unlawfully"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").  When a plaintiff does nothing but state that a group of unknown medical providers harmed him without providing more, all he has established is that there is a "sheer possibility" that someone in that group harmed him.

Plaintiff may not know the name of individual defendants, but he must describe the "who, what, why, where, and how" that form the basis of the claim against that person.  To allow otherwise would be effectively allowing Plaintiff to amend his Complaint further at will without review of this Court, a result contrary to both the local rules and § 1915A. Because the Complaint neither describes the unknown defendants nor their conduct, Plaintiff could ascribe any conduct he chooses to any number of people that occurred at any time during the relevant time period.  Therefore, should Plaintiff take up the Court's invitation to amend his complaint, he should specifically describe the unconstitutional conduct that any unknown defendant engaged in.

## Pending Motions

As the Court had determined that Plaintiff has not stated a claim on which relief could be granted, it will not order service on any defendant.  Plaintiff's Motion for Service of Process at Government Expense is therefore **DENIED**.  (Doc. 4).

Plaintiff's Motion for Counsel will also be denied.  A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e) (1).  There is no constitutional or statutory right to counsel for a civil litigant, however.  *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).  Recruitment of counsel lies within the sound discretion of the court. *See Pruitt*

*v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Here, Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010).  Plaintiff must submit proof to the Court that he has at least tried to recruit counsel.  Plaintiff left the section on the form that asks about his efforts to recruit counsel completely blank.  He did not attach any exhibits to his motion showing that he wrote to law firms that rejected his request.  He has provided no information on his attempts to recruit counsel and therefore, the Court finds that Plaintiff has not made his threshold showing. Accordingly, the motion is **DENIED**.  (Doc. 4).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.  Plaintiff's Motions are **DENIED**.  (Doc. 4)(Doc. 5).

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support a medical indifference claim, within 28 days of the entry of this order (on or before February 2, 2017).  An

amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

DATED: January 4, 2017.

s/ STACI M. YANDLE
United States District Judge

7