# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADLY BEEHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16−cv−1282−SMY |
| | ) |
| JOHN DOE, | ) |
| JANE DOE, | ) |
| ROGERICK MATTICKS, | ) |
| JEFFREY DENNISON, and | ) |
| WEXFORD HEALTH SOURCES, INC. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Bradley Beehn, an inmate in Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Shawnee Correctional Center. Beehn originally filed suit on November 28, 2016, but his Complaint was dismissed without prejudice because he had not adequately pled that any of the defendants were personally involved in the events at issue. He filed his Amended Complaint on January 23, 2017, seeking monetary damages (Doc. 15). This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Beehn alleges that on April 7, 2016, after an incident where he felt forced to defecate in the prison yard, he reported to health care to see Dr. John Doe complaining of severe stomach pains. (Doc. 15, pp. 8, 12). Although there is a bathroom on the yard, it is kept padlocked. (Doc. 15, p. 8). John Doe gave Beehn pepto bismol tablets. *Id*. During April and May 2016, Beehn returned to health care several times with the same complaint, but his requests for a ct-scan and other testing went ignored. *Id*. Beehn was instructed to save stool samples in his cell for testing, but on multiple occasions between July 11 and July 26, 2016, he endured having stool in his cell and carrying it to the health care unit only to have his sample rejected by the health care unit due to lack of supplies. (Doc. 15, pp. 8, 12, 13).

Beehn alleges that Defendants John Doe and Wexford knew that he needed further testing, but refused to order any due to a policy of cost cutting. (Doc. 15, pp. 8-9). Finally, after several months, Beehn was sent for a colonoscopy which revealed that he suffered from irritable bowel syndrome. (Doc. 15, p. 9). He requested testing for Crohn's disease, but his request was denied. (Doc. 15, p. 14).

Beehn believes that Jane Doe, the health care administrator at Shawnee Correctional Center, knew that his medical needs were going unmet because she was obligated to confer with Dr. John Doe regarding Beehn's care so that they could submit a report to Defendant Rogerick Matticks, Wexford's regional medical director, about Beehn's continued requests for more testing. (Doc. 15, p. 9). Beehn alleges that Matticks both knew about his condition and the failure to treat it. (Doc. 15, p. 10). He also alleges that Matticks was responsible for creating the policies followed by Wexford Health Sources. (Doc. 15, pp. 10-11).

Beehn alleges that Warden Jeffrey Dennison knew that officers kept the bathroom on the yard locked and that he enforced that rule, even though it had no penological purpose. (Doc. 15, p. 11). Beehn was forced to defecate in the yard because the bathroom was locked. *Id.* He received a ticket as a result of this incident. (Doc. 15, p. 12).

## Discussion

Based on the allegations of the Amended Complaint, the Court finds it convenient to divide the pro se action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** John Doe, Jane Doe, Matticks and Dennison were deliberately indifferent to Beehn's irritable bowel syndrome when they refused to arrange for adequate testing and instead instructed Beehn to keep feces in his cell and walk the feces to the health care unit;

3

**Count 2 –** Matticks and Wexford Health Sources had an unconstitutional policy or custom whereby they created a policy to cut costs at the expense of providing adequate medical care to inmates;

**Count 3 –** Dennison knew that the bathroom on the prison yard was kept locked at all times, creating an unconstitutional condition of confinement in violation of the Eighth Amendment

*Count 1*

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a clam for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial

risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Here, Beehn alleges that he was ultimately diagnosed with irritable bowel syndrome. For purposes of threshold review, the Court will presume that irritable bowel syndrome constitutes a serious medical need. Not only has Beehn alleged that he was treated for months with little more than pepto bismol, which was ineffective for his condition, he has also alleged that the delay caused him several humiliating incidents. Beehn further alleges that John Doe failed to order adequate testing for months which kept him from discovering the true nature of Beehn's condition. Beehn also implies that John Doe has refused to do testing to rule out other conditions with similar symptoms. These facts raise the inference that Doe was deliberately indifferent to Beehn's irritable bowel syndrome. Beehn has alleged that John Doe was personally involved in his treatment, which is sufficient to state this claim against him.

As to Defendants Jane Doe, Matticks and Dennison, Beehn has alleged that they knew about his lack of treatment through various meetings with John Doe and refused to intervene. When a defendant is put on notice that an inmate suffers from a serious condition and refuses to intervene, they may be liable. Therefore, the Court finds that Beehn has adequately pled the involvement of Jane Doe, Matticks and Dennison. *See Haywood v. Hathaway*, 842 F.3d 1026 (7th Cir. 2017); *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015). *Cf. Estate of Miller by Chassie v. Marberry*, 847 F.3d 425 (7th Cir. 2017) (complaints made outside of the chain of command did not establish deliberate indifference). As such, the case will also proceed against those defendants.

*Count 2*

The Supreme Court established the availability of entity liability in *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658 (1978). That holding has been extended to private entities. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789-90 (7th Cir. 2014). The critical inquiry is whether a corporate policy or custom caused the harm, or whether the harm was attributable to the entity. *Los Angeles Cnty v. Humphries*, 562 U.S. 29 (2010); *Glisson v. Indiana Dept. of Corrections*, 849 F.3d 372, 379 (7th Cir. 2017). Here, Beehn alleges that Matticks and Wexford created policies that made receiving adequate medical care contingent on the cost of that care. He further alleges that, as a result of these policies, John Doe refused to order testing and chose to treat Beehn with over-the-counter medication only. Beehn also claims that he was repeatedly instructed to store and transport a stool sample because the health care unit lacked adequate supplies to perform necessary testing. This allegation raises an inference that cost may have been a factor in the lack of supplies. While Beehn's allegations relative to this count are a bit thin, he has sufficiently articulated a cognizable claim, and Count 2 will be allowed to proceed.

*Count 3*

Finally, turning to Count 3, the Eighth Amendment's prohibition of cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.,* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes*, 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment and examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component focuses on the intent with which the acts or practices constituting the alleged punishment are inflicted and requires that a prison official had a sufficiently culpable state of mind. *Jackson*, 955 F.2d at 22; *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). The relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. However, it is well-settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Beehn alleges that he was deprived of a toilet at a very inopportune time, was forced to defecate publically, and was disciplined as a result of the incident. He also alleges that Dennison was aware that inmates had no access to toilet facilities due to the fact that the bathroom on the yard was kept locked. The Court finds that Beehn's allegations are sufficient to suggest that he was deprived of contemporary bounds of decency and that Dennison had some knowledge of the circumstances of that deprivation. Accordingly, Count 3 survives threshold review.

**Pending Motions**

As this Order apprises Plaintiff of the status of the case, Plaintiff's Motion for Status is **DENIED** as **MOOT**. (Doc. 16).

**Disposition**

**IT IS ORDERED** that **Counts 1-3** survive threshold review against all defendants.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Rogerick Matticks, Jeffery Dennison, and Wexford Healthcare Sources: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service

on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona Daly for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Reona Daly for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Beehn. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: 5/1/2017**

                                                 s/Staci M. Yandle
                                                 **U.S. District Judge**